UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CASSANDRA WELCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:10-cv-01705-LJM-TAB |
| ELI LILLY & COMPANY, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON APRIL 29, 2013, TELEPHONIC STATUS CONFERENCE**

The parties appeared by counsel April 29, 2013, to address a discovery dispute involving Defendant's production of documents. Plaintiff asked the Court to require Defendant to produce spreadsheets or job histories for two comparator employees. The documents contain information disclosing the comparators' salary and positions held with the Defendant, which Plaintiff wants to use in response to Defendant's pending summary judgment motion.

The problem is that Plaintiff's request is untimely. This discovery dispute stems from requests for production Plaintiff served two years ago in April 2011. Plaintiff's Request No. 3 included a broadly worded request for information that arguably sought these spreadsheets. But when Defendant did not produce this information for comparator employees Angela Huff and Jeff Moore, Plaintiff admittedly and inexplicably failed to follow up. This type of information has been produced in related cases, but Defendant did not produce this information in this case for Huff and Moore. It is not entirely clear why Defendant did not produce this information for these comparators in this case, though Defendant did raise a number of objections in response to

the request and noted that Plaintiff failed to previously bring this alleged shortcoming to Defendant's attention.

Indeed, two years has passed since Plaintiff served this discovery request, and in March of 2013 the discovery deadline closed. Defendant then filed its motion for summary judgment. Plaintiff has since requested and was granted three motions to enlarge the deadline to file her summary judgment response. [Docket Nos. 93, 95, 98.] Plaintiff's response is now due May 3, but the instant discovery dispute threatens to again disrupt that deadline.

The Court recently addressed a similar issue in *Corre Opportunities Fund v. Emmis Communications Corp.*, 1:12-cv-491-SEB-TAB (April 10, 2012). In that case, the Plaintiff waited until the eve of the discovery deadline (which the Court previously extended) to seek leave to complete additional discovery. The Court denied the request as untimely, relying on *Everett v. Aldi, Inc.*, 1:07-CV-275, 2009 WL 940379, at *2 (N.D. Ind. Apr. 6, 2009), which focused on three questions: (i) how long was the delay?; (ii) was there an explanation for it?; and (iii) what happened during the delay?

As in *Corre Opportunities*, these factors do not help the Plaintiff. First, the two-year delay is extensive. Second, Plaintiff admittedly failed to follow up and has no good explanation for this failure. Third, during this extensive delay there have been other discovery issues brought to the Court's attention, deadlines extended, and a summary judgment motion filed. As a result, Plaintiff's request for this information at this stage is untimely and is denied.

Dated:  4/29/2013

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Sandra L. Blevins
BETZ & ASSOCIATES
sblevins@betzadvocates.com

Benjamin C. Ellis
BETZ & BLEVINS
bellis@betzadvocates.com

Kevin W. Betz
BETZ & BLEVINS
kbetz@betzadvocates.com

Jamenda A. McCoy
FAEGRE BAKER DANIELS LLP - Chicago
jamenda.mccoy@gmail.com

Ellen E. Boshkoff
FAEGRE BAKER DANIELS LLP - Indianapolis
ellen.boshkoff@faegrebd.com

Joseph C. Pettygrove
FAEGRE BAKER DANIELS LLP - Indianapolis
joseph.pettygrove@FaegreBD.com

Rozlyn M. Fulgoni-Britton
FAEGRE BAKER DANIELS LLP - Indianapolis
rozlyn.fulgoni-britton@faegrebd.com

Matthew Louis Schmid
SANFORD HEISLER, LLP
mschmid@sanfordheisler.com

Sharon Yvette Eubanks
SANFORD WITTELS & HEISLER LLP
seubanks@swhlegal.com

Kristen L. Walsh
SANFORD WITTELS & HEISLER, LLP
kwalsh@swhlegal.com

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov